IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-8,718-08






EX PARTE BILLY RAY GRANT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A040415BR IN THE 128
TH DISTRICT COURT


FROM ORANGE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to twenty years' imprisonment. The Ninth Court of Appeals affirmed his
conviction. Grant v. State, No. 09-04-00486-CR (Tex. App.-Beaumont, delivered June 28, 2006,
no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because he
failed to advise Applicant of his right to petition for discretionary review pro se. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the
trial court is the appropriate forum for findings of fact. The trial court shall provide appellate counsel
with the opportunity to respond to Applicant's claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that he had a right to file a pro se petition for discretionary review. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 22, 2006

Do not publish